IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YUAN LIN JIANG, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-00642-RWS |
| BANK OF AMERICA, N.A., | : |
| Defendant. | : |

# ORDER

This case comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss [2]. After reviewing the record, the Court enters the following Order.

## Background[1]

This case arises out of the foreclosure sale of real property located at 5135 Broadgreen Drive, Norcross, Georgia, 30092 ("the Property"). (Compl., Dkt. [1-1] ¶¶ 1, 4-5.) Plaintiff alleges that in September of 2012, Plaintiff submitted a loan modification request and supporting documentation to Defendant. (Id. ¶ 6.) Plaintiff further alleges that in September of 2012,

---

[1] As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

Plaintiff "spoke with Defendant's representative who stated that the foreclosure process would be stopped while the loan modification was processed." (Id. ¶ 8.) Plaintiff discovered in December of 2012, however, that the foreclosure had not been stopped and that Defendant had conducted a non-judicial foreclosure sale of the Property on December 4, 2012. (Id. ¶ 9.) Plaintiff filed the instant Complaint, challenging the validity of the foreclosure sale and alleging that Defendant breached an "agreement . . . not [to] foreclose while it was processing the request for loan modification." (Id. ¶ 10.)

Defendant now moves the Court to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot. to Dismiss, Dkt. [2] at 1 of 4.) The Court sets out the legal standard governing a Rule 12(b)(6) motion to dismiss before considering Defendant's motion on the merits.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most

2

favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

   The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

   As stated in the Background section, Plaintiff raises a claim for breach of contract based on Defendant's alleged breach of an agreement not to foreclose

3

while it was processing Plaintiff's loan modification request.  (Compl., Dkt. [1-1] ¶¶ 8-10.)  Defendant argues that Plaintiff's claim fails as a matter of law because the agreement alleged by Plaintiff was not supported by consideration and therefore is not enforceable.  (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), Dkt. [2-1] at 8-9 of 12.)  In response, Plaintiff argues that his "submission of all of the documentation requested by the Defendant is sufficient consideration to support the agreement."  (Pl.'s Resp. to Def.'s Mot. to Dismiss, Dkt. [7] at 2 of 4.)[2]

The Court agrees with Defendant that Plaintiff's breach of contract claim fails because the agreement alleged by Plaintiff was not supported by consideration.  See Thomas Mote Trucking, Inc. v. PCL Constructors, Inc., 540 S.E.2d 261, 267 (Ga. Ct. App. 2000) ("It is axiomatic that a contract without consideration is invalid.").  Assuming, arguendo, the submission of documents

---

[2] Plaintiff also argues that Defendant's receipt of money "to process loan modifications under the federal Making Homes Affordable program" is "by itself . . . sufficient consideration to support the agreement not to foreclose." (Pl.'s Resp. to Mot. to Dismiss, Dkt. [7] at 2 of 4.)  This argument is without merit.  "To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract, which means it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." Rowe v. Law Offices of Ben C. Brodhead, PC, 735 S.E.2d 39, 43 (Ga. Ct. App. 2012) (emphasis added) (internal quotation marks omitted) (citing O.C.G.A. § 13-3-42(a), (b)).

4

could constitute consideration sufficient to support an agreement not to foreclose, it appears from the allegations of the Complaint that the documents submitted by Plaintiff were tendered prior to Defendant's alleged agreement to foreclose (Compl., Dkt. [1-1] ¶¶ 6-8) and therefore would constitute past consideration for a future promise. Under Georgia law, "[t]he general rule is that a past consideration will not support a subsequent promise." Whitmire v. Watkins, 267 S.E.2d 6, 7 (Ga. 1980). Accordingly, Plaintiff's breach of contract claim fails and Defendant's Motion to Dismiss [2] is **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [2] is **GRANTED**.

**SO ORDERED**, this  12th  day of July, 2013.

						_____
						**RICHARD W. STORY**
						United States District Judge

5

AO 72A
(Rev.8/82)